

# United States District Court
### For the
### Western District of New York

| | |
|---|---|
| ZAKKIYYA CARTER, as Pro Se    ) | 42 U.S.C. 1983 |
|     Plaintiff    ) | Docket No. _____ |
|     ) | |
| -V-    ) | |
|     ) | 24 CV 1168 - S |
| GERALD GREENAN III | |

**IN HIS OFFICIAL AND UNOFFICIAL CAPACITIES**

### PLAINTIFF'S PARTY INFORMATION

1.   Plaintiff ZAKKIYYA CARTER resides at 280 Stevens Avenue, Buffalo, New York 14215, located in Erie County and the State of New York.

### DEFENDANTS PARTIES INFORMATION

2.   Upon information and belief, Gerald Greenan III is a Supreme Court Justice and duly organized and existing under and pursuant to the laws of the State of New York and the U.S Constitution and has principal place of business at 50 Delaware Avenue, Buffalo, New York 14202.

### COMPLAINT AND DEMAND FOR JURY TRIAL

3.   Plaintiff, ZAKKIYYA CARTER, brings this action against Defendants GREENAN III and alleges, upon information and belief, the record of previous proceedings, firsthand knowledge and hereby submits the following for consideration by this honorable Court.

## APPLICATION OF LIBERAL CONSTRUCTION

4.	Plaintiff ZAKKIYYA CARTER appears here in her pro se status. As such, this Plaintiff respectfully requests that her pleadings herein will be liberally construed by this honorable Court, pursuant to the standards established by the Supreme Court of the United States in Haines v. Kerner, 404 U.S. 519 (1972) (Holding that: " a pro se litigant's pleadings, "however in artfully pleaded," are held to the most liberal of standards because pro se litigants may be less capable of formulating legally-competent initial pleadings.)

## JURISDICTIONAL STATEMENT

5.	In accordance with 42 U.S. Code § 1983, this court has jurisdiction over claims alleging violations of constitutional rights, including retaliation against the Plaintiff for exercising First Amendment rights and participating in protected activities.

6.	Additionally, the Plaintiff invokes 42 U.S. Code § 1985, which address conspiracies to interfere with civil rights, and U.S. Code § 2000e-3(a), which prohibits retaliation under Title VII of the Civil Rights Act of 1964.

7.	Jurisdiction and venue is proper here pursuant to 28 U.S. Code § 1391 which provides in relevant part that "28 USC §1391. Except as otherwise provided by law—(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature." (See, e.g., Monroe v. Pape, 365 U.S. 167 (1961) (holding that officials acting in abuse of their authority who deprive an individual of a constitutional right may be liable under § 1983.)(See also, Brown v. State of New York, 89 N.Y.2d 172, 674 N.E.2d 1129, 52 N.Y.S.2d 223 (1996). 2 N.Y. CONST. art. I, § 11.) In Brown, the New York Court of Appeals held that individuals may assert claims for compensatory damages for violations of their rights protected by the equal protection guarantees of the New York State Constitution.

8.  Venue is properly laid in the Western District of New York Pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

9.  Article III of the U.S. Constitution provides Federal Courts can hear all cases in law and equity arising under this Constitution, [and] the laws of the United States. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient, see Osborn v. Bank of the United States, 22 U.S. 738 (1824)

10. Plaintiff asserts that this court is appropriate as this complaint falls within this district's subject matter jurisdiction and seek damages from Defendants for injuries suffered from an alleged fraud involving state actors, mental anguish, intentional infliction of emotional distress, false imprisonment, harm to reputation, and physical harm and Plaintiff does not require the federal court to sit in review of any state court judgments.

11. Upon information and belief, this court also has jurisdiction over these matters pursuant to wit, but not limited to, Americans with Disabilities Act (ADA), 18 U.S.C. § 241Conspiracy against Rights, 18 U.S.C § 242 Deprivation of Rights, - District courts; and whatsoever rules, laws, regulations and Federal Rules of Civil Procedure may apply. The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

**PRELIMINARY STATEMENT**

12. This action is brought by Plaintiff against the Defendant pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, which provide a mechanism for individuals to seek redress for violations of their constitutional rights by state actors. The Plaintiff alleges that the Defendant has engaged in actions that constitute discrimination under the Americans with Disabilities Act (ADA) and has retaliated against the Plaintiff in violation of their rights

and deprivations of rights that are characterized by continuous retaliation and discriminatory practices that undermine the Plaintiff's ability to exercise their rights.

## **FACTUAL ALLEGATIONS**

13. In June of 2023, Plaintiff begin to commence legal action against her landlord, and their uncontracted associates for various civil rights and statutory violations, which allegedly involved concerted actions by the defendants.

14. Plaintiff asserts that these actions were in retaliation for her participation in activities protected under the First Amendment, effectively treating her as a whistleblower.

15. The cases involving these defendants were presided over by Judge Gerald Greenan III, who has consistently received poor evaluations from both the Bipartisan and the Bar Association.

16. Despite these evaluations, Plaintiff chose to proceed under Judge Greenan's jurisdiction, during which she experienced multiple violations of her due process rights, discrimination, and what she perceives as retaliatory actions.

17. Plaintiff filed an Affidavit to Disqualify Judge Greenan following a default judgment that favored two defendants, allowing them to evade accountability. This affidavit was supported by evidence presented by Plaintiff questioning the justice impartiality.

18. Judge Greenan III, who presided over his own recusal, refused to recuse himself from the case, despite serious allegations regarding his impartiality and the mental anguish it caused Plaintiff.

19. Plaintiff requested ADA accommodations to protect her mental health, which Judge Greenan denied. His decision was not based on the medical evidence or the arguments presented by the Plaintiff but on his own theories.

20. Subsequent to this denial, Plaintiff observed a pattern where her motions were consistently ruled against, contrary to the arguments, points of law, and even case precedents she presented in the light of procedural and statutory violations by defendants.

21. Plaintiff attributes these adverse rulings to potential racial bias, Judge Greenan's disregard for her evidence, or his failure to thoroughly consider her pleadings.

22. On November 13, 2024, Judge Greenan ruled against Plaintiff despite her substantial evidence and the legal precedents supporting her position in special proceedings.

23. There have been multiple administrative adjournments in Plaintiff's cases, which she believes were influenced by ex-parte communications, as indicated by the lack of response from Judge Greenan's chambers to her inquiries.

24. As a result of these experiences, Plaintiff was deprived of her rights and fair treatment of these alleged conspiracies in her legal battles.

## FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW AGAINST DEFENDANT GREENAN III

25. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

26. Defendant, the Honorable Gerald Greenan III, at all times relevant to this Complaint, was acting under color of state law in his capacity as a judge in the State of New York.

27. Plaintiff Zakkiyya Carter alleges that Defendant Greenan III deprived her of rights, privileges, or immunities secured by the Constitution and laws of the United States.

28. Specifically, Plaintiff asserts that her right to due process under the Fourteenth Amendment was violated by Defendant Greenan III's continued involvement in her cases despite serious allegations and evidence suggesting his lack of impartiality.

29. Plaintiff further alleges that Defendant Greenan III's refusal to recuse himself from her legal proceedings, despite the filing of an affidavit to disqualify him following a default judgment benefiting opposing parties, constitutes a deprivation of her constitutional right to an impartial judge.

30. Plaintiff also contends that her right to equal protection under the law was violated by Defendant Greenan III's differential treatment of her case compared to other similar cases, which she believes was based on unlawful considerations.

31.     Additionally, Plaintiff claims that her First Amendment rights were infringed upon when Defendant Greenan III ruled against her motions and ignored her legal arguments and evidence, which were pertinent to her claims and supported by established case precedents.

32.     On November 13, 2024, despite substantial evidence presented by Plaintiff in her special proceedings, Defendant Greenan III ruled against her, disregarding the established points of law and case precedents, further evidencing the deprivation of her right to a fair trial.

33.     Plaintiff alleges that the series of administrative adjournments and the lack of response from Defendant Greenan III's chambers to inquiries about these adjournments suggest ex-parte communications and contribute to the pattern of due process violations.

34.     Plaintiff avers that these actions by Defendant Greenan III, taken under the color of state law, have directly resulted in the deprivation of her rights as protected by the Constitution, thereby causing significant mental anguish and harm to her legal pursuits.

## SECOND CAUSE OF ACTION VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) AGAINST DEFENDANT GREENAN III

35.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

36.     At all times relevant hereto, Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., due to a mental health condition that substantially limits one or more major life activities.

37.     Plaintiff properly requested reasonable accommodations from the court to address her mental health condition, which included requests for specific procedural adjustments to safeguard her mental health during legal proceedings.

38.     Defendant Judge Greenan III had the authority and duty under the ADA to provide reasonable accommodations to individuals with disabilities to ensure their equal participation in and benefit from the court proceedings.

39.     Despite Plaintiff's clear and supported requests for accommodations, and the existence of medical documentation substantiating her mental health condition and the

necessity for the requested accommodations, Defendant Judge Greenan III denied these requests.

40. The denial of ADA accommodations by Defendant Judge Greenan III was not based on any substantive legal or procedural grounds relevant to the ADA or the accommodations requested. Instead, the denial was based on personal theories and beliefs that were unrelated to the Plaintiff's documented needs or the legal standards for ADA accommodations.

41. The failure to provide the requested accommodation has directly impacted Plaintiff's ability to participate in her legal proceedings, resulting in undue mental anguish, exacerbation of her mental health condition, and an unfair legal process.

42. By denying the requested ADA accommodations, Defendant Judge Greenan III has discriminated against Plaintiff on the basis of her disability, in violation of the Americans with Disabilities Act that also contravenes New York States Chief Administrations adopted rule. **SEE EXHIBIT A**.

43. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer significant emotional distress, mental anguish, and a degradation of her mental health, alongside the impairment of her ability to pursue her legal claims effectively.

44. Defendant's conduct as described herein constitutes a failure to make reasonable accommodations and discrimination on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the relevant federal regulations.

## THIRD CAUSE OF ACTION PURSUANT TO DUE PROCESS VIOLATIONS UNDER THE FOURTEENTH AMENDMENT AGAINST GREENAN III

45. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

46. The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees that no state shall deprive any person of life, liberty, or property, without due process of law.

47. Plaintiff Zakkiyya Carter alleges that her due process rights were violated by the actions of Judge Gerald Greenan III, who presided over her legal proceedings against her landlord and associated defendants in separate legal proceedings.

48.     Judge Greenan III exhibited a pattern of rulings and behaviors that systematically denied Plaintiff the fair and impartial judicial process to which she is constitutionally entitled.

49.     Despite Plaintiff's well-supported motions and the presentation of substantial evidence against the defendants, Judge Greenan III consistently ruled against Plaintiff without proper consideration of the legal and factual bases of her claims, as demonstrated on November 13, 2024, when he disregarded the plethora of evidence and established case precedents presented by Plaintiff.

50.     Judge Greenan III refused to recuse himself from the proceedings despite serious allegations and evidence presented by Plaintiff concerning his lack of impartiality, thereby continuing to preside over her all her cases in a manner that suggests bias and unfair treatment.

51.     Plaintiff's request for ADA accommodations to address her mental health concerns was denied by Judge Greenan III, who based his decision on personal theories unrelated to the legal and medical justifications provided by Plaintiff, further evidencing the denial of her right to a fair process.

52.     The ongoing pattern of adverse rulings against Plaintiff, which contravened the arguments and established points of law, indicates a failure by Judge Greenan III to adhere to judicial standards and obligations, thereby depriving Plaintiff of her right to due process.

53.     Administrative adjournments and the lack of response to Plaintiff's inquiries about these adjournments suggest potential ex-parte communications and procedural irregularities that further compromised Plaintiff's right to a fair and transparent legal process.

54.     The cumulative actions and omissions of Judge Greenan III, as detailed above, constitute a violation of Plaintiff due process rights under the Fourteenth Amendment, as these actions denied her the fair legal process and impartial judiciary required by law.

## CHEVRON DEFERENCE DOCTRINE

Given the U.S Supreme Court's recent shift in Chevron Deference Doctrine, this court must independently assess the legality of the defendant's actions, without undue deference to their interpretations. The court must ensure that the defendants' actions are consistent with both statutory and constitutional mandates, particularly where fundamental rights are at stake.

**WHEREFORE**, Plaintiff ZAKKIYYA CARTER demands judgment on the above counts against the Defendant and award the following amounts:

a. Compensatory damages in favor of the Plaintiff in an amount to be determined by a jury;

b. Exemplary damages in favor of the Plaintiff;

c. Costs of this action; and such other relief as the court may deem appropriate.

**Certification and Closing** Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-2-24

_____
Signature of Plaintiff

Zakkiyya Carter
_____
Printed Name of Plaintiff

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ZAKKIYYA CARTER

## DEFENDANTS
GERALD GREENAN III

**(b)** County of Residence of First Listed Plaintiff: ERIE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ERIE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

24 CV 1168-S

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C 1983

Brief description of cause:
PLEASE SEE ATTACHED COMPLAINT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 100.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE: 12-2-24

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**