UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZAKKIYYA CARTER, as Pro se,

Plaintiff,

v.                                                         24-CV-1168 (JLS) (MJR)

GERALD GREENAN III,

Defendant.

## AMENDED DECISION AND ORDER

*Pro se* Plaintiff Zakkiyya Carter ("Carter") filed this action seeking relief under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") and has alleged certain due process violations under the Fourteenth Amendment. Dkt. 1. She also filed a motion seeking leave to proceed *in forma pauperis* ("IFP")—in other words, to proceed without paying the filing fee—with the required affirmation, certification, and authorization. Dkt. 2. Because Carter meets the requirements of 28 U.S.C. § 1915(a) and filed the required documents, she is granted permission to proceed IFP. The Court therefore screens her complaint. For the reasons that follow, Carter's complaint is dismissed in its entirety and with leave to amend.

## DISCUSSION

### I.    Legal Standards

#### A.    Review Under the IFP Statute

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall

dismiss the complaint if it determines that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). And it must construe *pro se* pleadings "liberally" and "interpret them to raise the strongest arguments that they suggest." *Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (citation omitted).

Generally, "the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Jordan v. New York*, No. 21-CV-544-LJV, 2021 WL 3292200, at *1 (W.D.N.Y. Aug. 2, 2021) (quoting *Abbas*, 480 F.3d at 639). *See also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("the court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated") (citation omitted). Leave to amend, however, may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

## B.    Pleading Standards

In evaluating a complaint, a court must accept all factual allegations as true and must draw all inferences in a plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly

when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient facts to support the claim. *See Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (concluding that district court properly dismissed a *pro se* complaint under Section 1915(e)(2) because the complaint did not meet pleading standard in *Twombly* and *Iqbal*); *accord Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (setting forth same standard of review).

## C.    Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13

3

F.3d 515, 519 (2d Cir. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, *respondeat superior* liability is unavailable in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, at the screening stage, a plaintiff must plausibly allege "that each Government-official defendant, through the official's own individual actions[] . . . violated the Constitution." *Id.* (quoting *Iqbal*, 556 U.S. 676).

## II.    Carter's Allegations

This case arises from prior legal proceedings Carter commenced against her landlord for "various civil rights and statutory violations." Dkt. 1 at 4 ¶ 13. Defendant Judge Gerald Greenan, III ("Judge Greenan"), an Erie County Supreme Court Justice, presided over the proceedings and is alleged to have "refused to recuse himself from the case, despite serious allegations regarding his impartiality" which "deprived [Carter] of her rights and fair treatment." *Id.* at 5 ¶ 24. Carter also contends that Judge Greenan denied Carter ADA accommodations "to address her mental health condition." *Id.* at 6 ¶ 37-44. Lastly, Carter alleges that Judge Greenan "exhibited a pattern of rulings and behaviors that systematically denied

4

[Carter] the fair and impartial judicial process" which violated Carter's due process rights under the Fourteenth Amendment. *Id.* at 8 ¶ 48-54.

## III.   Analysis

### A.   Absolute Judicial Immunity

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991); *Whitnum v. Emons*, No. 3:15-CV-959 (SRU), 2015 WL 5010623, at *2 (D. Conn. Aug. 24, 2015) ("Absolute immunity applies to a judge in both her official and individual capacity."), *aff'd*, 683 F. App'x 71 (2d Cir. 2017). Judges are accorded this immunity in order to ensure "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). "Thus, even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citing cases).

Judicial immunity is overcome in only two sets of circumstances. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. The relevant factors include the nature of the judge's action, whether the action typically is performed by a judge, whether the parties expect the judge to take such action, and whether the parties dealt with the judge in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.2d at 210. "Second, a judge

5

is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

The allegations in the amended complaint neither allege nor suggest that Judge Greenan acted outside of his judicial capacity or in the complete absence of all jurisdiction. Carter bases her claims against Judge Greenan on alleged bias against her, *see, e.g.*, Dkt. 1 at 4 ¶¶ 18-21, all of which occurred while he "was acting under color of state law in his capacity as a judge in the State of New York." *Id.* at 5 ¶ 26; *Bliven*, 579 F.3d at 209. Likewise, Carter's conclusory allegations that her First Amendment rights were infringed by Judge Greenan's bias rulings against her motions, *see, e.g.*, Dkt. 1 at 6 ¶¶ 31, 33, fall within the realm of judicial immunity. Notably, Carter conceded that "at all times relevant to this Complaint, [Judge Greenan] was acting under color of state law in his capacity as a judge in the State of New York." *Id.* at 5 ¶ 26.

While absolute immunity does not extend to claims for prospective injunctive relief, Section 1983 "itself bars suits for injunctive relief against judicial officers 'unless a declaratory decree was violated or declaratory relief was unavailable,' neither of which is alleged here." *White v. Renzi*, No. 22-2040, 2023 WL 6205957, at *2 (2d Cir. Sept. 25, 2023) (summary order) (quoting 42 U.S.C. § 1983).

The complaint alleges acts undertaken by Judge Greenan that fall within his function as a judge. Carter's allegations of bias and disability discrimination do not overcome judicial immunity because Judge Greenan's rulings on Carter's motions are "acts arising out of, or related to" the underlying case. *Bliven*, 579 F.2d at 210.

6

Judge Greenan is therefore immune from Carter's causes of action, but Carter may amend the complaint, to the extent she is able to, to overcome this immunity.

## CONCLUSION

For the reasons set forth above, the claims against Judge Greenan are dismissed with leave to amend.

## ORDER

IT HEREBY IS ORDERED that Carter's motion to proceed IFP, Dkt. 2, is granted; and it is further

ORDERED that the complaint is dismissed in its entirety and Carter is granted leave to amend, to the extent she is able to, by no later than **June 25, 2026**, in which she includes the necessary allegations as directed above in a manner that complies with Rule 8 and 10 of the Federal Rules of Civil Procedure; and it is further

ORDERED that if Carter does not file an amended complaint by the deadline set forth above, but instead opts to stand on the allegations in her complaint, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim and the Clerk of Court shall close this case as dismissed with prejudice without further order; and it is further

ORDERED that the Clerk of Court is directed to send to Carter this Decision and Order; and it is further

ORDERED this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369

7

U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.


SO ORDERED.

Dated:        May 12, 2026
              Buffalo, New York

 

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

8